C.A. Case No. 23-16146

UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

_____

John David Peterson, Plaintiff – Appellant

vs.

Nevada County, et al., Defendants – Appellees.

_____

Appeal From the United States District Court,
Eastern District Of California,
The Honorable James A. Mendez
Civil Case No. 2:19-CV-0949-JAM-JDP

JOINT STATUS REPORT ON THE WELLPATH BANKRUPTCY PROCEEDING, *IN RE WELLPATH HOLDINGS, INC., ET AL*, CASE NO. 24-90533 (S.D. TX BANKRUPTCY)

Patrick H. Dwyer, SBN 137743
Counsel for Plaintiffs – Appellants
P.O. Box 1705; 17318 Piper Lane
Penn Valley, California 95946
tel. 530-432-5407; pdwyer@pdwyerlaw.com

February 7, 2025

Joint Status Report

Pursuant to the Court's order of January 22, 2025 (Docket Entry 75), the parties submit the following joint status report on the stay issued from *In Re Wellpath Holdings, Inc., et al,* Case No. 24-90533 (S.D. Tx Bank.).

I. Current Status

On January 14, 2024, the parties to the bankruptcy proceedings, Plaintiff John Peterson and Defendant Wellpath Management, Inc. (represented by bankruptcy counsel), presented oral argument regarding Plaintiff John Peterson's Motion to Lift the Stay. Defendant Wellpath Management Inc. opposed Lifting the Stay. Following oral argument, the Bankruptcy Court issued a verbal order that it would order a modified lifting of the stay to permit oral argument and decision by the Ninth Circuit Court of Appeals. Following the Bankruptcy Court's verbal order, it issued a minute order permitting a modified lifting of the stay with the parties ordered to prepare a stipulation and order for the court. This minute order was attached to the status report filed with this Court on January 17, 2025. [This Court then took oral argument off calendar and requested a further status report by March 30, 2025.] Subsequently, the parties exchanged emails about the language of a stipulation and order, and after reaching agreement on the terms of the lifting of the stay, they filed the stipulation and proposed order with the Bankruptcy Court. The Bankruptcy Court signed the order on January 31, 2025, and a copy of this order is attached.

II. Further Action

Plaintiff/Appellant

Plaintiff/Appellant requests that the Court re-schedule oral argument in this case and proceed with issuing a decision on the merits as per the attached stipulation and order in the Texas bankruptcy court. Defendants Wellpath Management, Inc. and Plaintiff/Appellant prepared a stipulation allowing for oral argument and final decision making in this litigation and the Texas bankruptcy court has signed and filed the Order. Appellant notes that the Stipulation was signed on behalf of Wellpath, and

therefore, the opinions of its local counsel for this action, Mr. Varanini, have been superseded.

### Defendant/Appellee Nevada County

Defendant Nevada County reaffirms the 9th Circuit's prior minute order from January 22, 2025 which states:

> In light of the Bankruptcy Court's minute order lifting the automatic stay only for the limited purpose of allowing oral argument in this court, see In re Wellpath Holdings, Inc., No. 24-90533 ARP (Bankr. S.D. Tex. Jan. 14, 2025) (Dkt. No. 965), this matter is hereby stayed as to all parties. Oral argument scheduled for February 4, 2025, will be taken off calendar and the parties are ordered to file a further status report as to the status of bankruptcy proceedings by March 20, 2025.

The Bankruptcy Court issuing a formal order which reaffirms the same information as the minute order that a limited staying of the lift can occur. The County does not believe this case has changed and continues to request that the 9th Circuit affirm its prior minute order issuing a stay until the conclusion of Wellpath's bankruptcy. This matter is not ready for oral argument until all parties are able to attend at one time to make arguments for the Court. The County requests that the Court not reschedule the oral argument until the conclusion of Wellpath's Bankruptcy.

### Defendant/Appellee Wellpath Management, Inc.

California counsel for Wellpath Management, Inc. agrees with the position as expressed by Appellee/Defendant Nevada County. Appellee/Defendant Wellpath Management Inc., sees no difference between the Bankruptcy Court's partial and limited Minute Order and the current partial and limited Order and in light of this Court's Order DktEntry 75, Wellpath Management, Inc., and therefore requests that oral argument should not be rescheduled.

Respectfully Submitted,

Date: February 7, 2025  By: /s/ _____
Patrick H. Dwyer, counsel for Appellant

PORTER SCOTT
A PROFESSIONAL CORPORATION

Date: February 7, 2025  By: /s/ _____
Matthew W. Gross, counsel for Nevada County

Date: February 7, 2025  By: /s/ _____
Jerome Varanini, counsel for Wellpath Management, Inc.

[Note: All Signatures were authorized for electronic filing]

United States Bankruptcy Court
Southern District of Texas
**ENTERED**
January 31, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| In re: | Chapter 11 |
| WELLPATH HOLDINGS, INC., *et al.*,[1] | Case No. 24-90533 (ARP) |
| Debtors. | (Jointly Administered) |

**STIPULATION AND AGREED ORDER
REGARDING THE PETERSON APPEAL**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") and John David Peterson ("Peterson," and together with the Debtors, the "Parties") hereby enter into this stipulation and agreed order (this "Stipulation and Agreed Order") as follows:

WHEREAS, on May 24, 2019, Peterson brought suit against Debtor Wellpath Management, Inc. and other defendants (together with the Debtor, collectively, the "Defendants") in *Peterson v. Nevada County et al.*, Case No. 2:19-cv-00949-JAM (the "Lawsuit"), in the U.S. District Court for the Eastern District of California (the "District Court");

WHEREAS, in the Lawsuit, Peterson asserts certain claims and causes of action against the Defendants related to alleged violations of Peterson's constitutional right to adequate medical care;

WHEREAS, the Debtors dispute any and all liability with regard to any of the claims or causes of action asserted by Peterson;

---

[1] A complete list of the Debtors (as defined below) in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/Wellpath. The Debtors' service address for these chapter 11 cases is 3340 Perimeter Hill Drive, Nashville, Tennessee 37211.

WHEREAS, on August 28, 2023, Peterson appealed the District Court's finding of summary judgment to the Ninth Circuit Court of Appeals in *Peterson v. Nevada County et al.*, Case No. 23-16146 (the "Appeal");

WHEREAS, on November 11, 2024 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Court");

WHEREAS, on November 12, 2024, the Debtors filed the *Debtors' Emergency Motion for Entry of Interim and Final Orders to Enforce the Automatic Stay or in the Alternative Extend the Automatic Stay to Non-Debtor Defendants* [Docket No. 17] (the "Stay Extension Motion") seeking extension of the automatic stay imposed by section 362(a) of the Bankruptcy Code to Non-Debtor Defendants (as defined in the Stay Extension Motion), and the Court entered the *Amended Interim Order Enforcing the Automatic Stay* [Docket No. 69] (the "Stay Extension Order") staying all Lawsuits (as defined in the Stay Extension Motion) in their entirety, including claims against the Non-Debtor Defendants, on an interim basis;

WHEREAS, on December 12, 2024, Peterson filed *Motion to Lift Automatic Stay* [Docket No. 435] (the "Lift Stay Motion") seeking relief from the automatic stay to continue the Appeal;

WHEREAS, on January 14, 2025, the Court entered the *Stipulated and Agreed Amended Order (I) Enforcing the Automatic Stay on a Final Basis with Respect to Certain Actions, (II) Enforcing the Automatic Stay on an Interim Basis with Respect to Certain Actions, (III) Extending the Automatic Stay on an Interim Basis to Certain Actions Against Non-Debtors, (IV) Setting a Final Hearing for the Interim Relief Granted Herein, and (V) Granting Related Relief* [Docket No. 962] (the "Second Stay Extension Order").

**NOW, THEREFORE, IT IS STIPULATED AND AGREED**:

1. The Parties agree that the automatic stay imposed by section 362(a) of the Bankruptcy Code is modified to allow the Appeal to proceed solely with respect to oral argument and a final decision at the Ninth Circuit Court of Appeals.

2. For the avoidance of doubt, the automatic stay shall not be modified as to any other claims or causes of action by Peterson against the Debtors, including any claims and causes of action or proceedings in the Lawsuit.

3. Except as set forth herein, the Second Stay Extension Order otherwise remains a fully enforceable order and the automatic stay's application to the Debtors and all other Non-Debtor Defendants (as defined in the Stay Extension Order) remains in full force and effect.

4. Entry of this Stipulation and Agreed Order shall resolve the Lift Stay Motion.

5. This Court retains exclusive jurisdiction over any matter arising from or related to the implementation, interpretation, and enforcement of this Stipulation and Agreed Order.

Signed: January 31, 2025

_____
Alfredo R Pérez
United States Bankruptcy Judge

**STIPULATED AND AGREED TO THIS 30TH DAY OF JANUARY, 2025:**

By: /s/ Marcus A. Helt
Marcus A. Helt (Texas Bar #24052187)
MCDERMOTT WILL & EMERY LLP
2501 N. Harwood Street, Suite 1900
Dallas, Texas 75201-1664
Telephone:     (214) 295-8000
Facsimile:     (972) 232-3098
Email:         mhelt@mwe.com

-and-

Felicia Gerber Perlman (admitted *pro hac vice*)
Bradley Thomas Giordano (admitted *pro hac vice*)
Jake Jumbeck (admitted *pro hac vice*)
Carole Wurzelbacher (admitted *pro hac vice*)
Carmen Dingman (admitted *pro hac vice*)
MCDERMOTT WILL & EMERY LLP
444 West Lake Street, Suite 4000
Chicago, Illinois 60606-0029
Telephone:     (312) 372-2000
Facsimile:     (312) 984-7700
Email:         fperlman@mwe.com
               bgiordano@mwe.com
               jjumbeck@mwe.com
               cwurzelbacher@mwe.com
               cdingman@mwe.com

-and-

Steven Z. Szanzer (admitted *pro hac vice*)
MCDERMOTT WILL & EMERY LLP
One Vanderbilt Avenue
New York, New York 10017
Telephone:     (212) 547-5400
Facsimile:     (212) 547-5444
Email:         sszanzer@mwe.com

*Counsel to the Debtors and Debtors in Possession*

By: *s/ Patrick H. Dwyer*

Patrick H. Dwyer
P.O. Box 1705
Penn Valley, CA 95946
Email: pdwyer@pdwyerlaw.com

*Counsel to Peterson*